to establish due care that all reasonable minds would reach the conclusion that the person was guilty of contributory negligence.

3. MUNICIPAL CORPORATIONS, § 1100*—*when instruction sufficient though incomplete.* In an action for injuries caused by the defective condition of a sidewalk, an instruction allowing the jury to consider the condition of such sidewalk, and ignoring the question of notice to the city of such condition, is not erroneous when the question of notice is fully covered by other instructions given.

4. APPEAL AND ERROR, § 438*—*when question of variance will not be considered on appeal.* The question of alleged variance between the allegations and proof cannot be raised for the first time on appeal.

---

## Magdeline Terrault, Appellee, v. Chicago City Railway Company, Appellant.

## Gen. No. 20,867.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. RICHARD E. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed October 6, 1915. Rehearing denied October 15, 1915.

### Statement of the Case.

Action on the case by Magdaline Terrault against the Chicago City Railway Company, in the Superior Court of Cook county, to recover damages for personal injuries claimed to have been sustained by the plaintiff through the negligence of the defendant. The action was originally brought against the Chicago Railways Company. Afterwards the Chicago City Railway Company was made an additional defendant to the suit. The plaintiff, in her declaration, alleged that while she was in the act of boarding one of the cars of the defendants for the purpose of becoming a passenger, and while she was in the exercise of ordinary care for her own safety, the defendants, through their

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

servants, carelessly and negligently caused the car to be suddenly and violently started, and she was thereby thrown with great force and violence from and off the car to the ground, and that she suffered a miscarriage and was otherwise greatly bruised and injured. Both defendants pleaded the general issue. The case was tried before a court and a jury, and during the progress of the trial the action was discontinued as to the Chicago Railways Company.. A verdict was returned by the jury finding the defendant guilty and assessing the plaintiff's damages at $3,500. A motion for a new trial was overruled, judgment was entered on the verdict and this appeal followed.

JOHN E. KEHOE and WATSON J. FERRY, for appellant; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

E. LESLIE COLE and C. HELMER JOHNSON, for appellee; GUERIN & BARRETT, of counsel.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. WITNESSES, § 210*—*what cross-examination is improper.* Cross-examination of a witness which has the purpose of degrading and humiliating such witness, and prejudicing the jury against her testimony, is improper.

2. APPEAL AND ERROR, § 1772*—*when judgment will be reversed for improper cross-examination.* On appeal in an action for personal injuries, where it appears that the case is a close one on the merits, and the record shows that improper cross-examination of a witness tended to prejudice the defendant's rights, the judgment for the plaintiff will be reversed and a new trial ordered.

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.